**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael SCARPELLINO, Defendant.**

**No. 4–68 Cr. 87.**

United States District Court
D. Minnesota,
Fourth Division.

Feb. 4, 1969.

Patrick J. Foley, U. S. Atty., by J. Earl Cudd, Asst. U. S. Atty., for plaintiff.

King Tristani, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

This matter is before the court on defendant's motion to enjoin the government from placing the defendant in a traditional police lineup for identifica-tion purposes. Defendant is charged by indictment dated September 13, 1968 with having robbed by use of a danger-ous weapon, a federally insured savings and loan association on July 6, 1967 and taking therefrom $9,527.00. He was ar-rested more than a year later in Septem-ber 1968 in Rhode Island, and thereafter returned to Minnesota. Defendant has been unable to post bail which was fixed (as later reduced by order of the court) at $10,000 and is thus still in jail.

Defendant's court appointed counsel has been advised by letter from the United States Attorney of an intended lineup, according him the opportunity to be present. Defendant asserts in his motion that a lineup at this time is an abridgement of his right of due process, citing the Fifth Amendment to the Unit-ed States Constitution and Griffin v. Il-linois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891 (1956). His premise is that had he been able to post bail, he would not be subject to being brought back to the police department or elsewhere for such a lineup; that because defendant could not make bail, he is readily availa-ble at the jail and can be placed into lineup at any time and at the will of the prosecution; that because of his indi-gency he is not being given equal rights with those that would accrue to a wealth-ier defendant who could post bail; and finally that he constitutionally cannot be required to be subjected to a lineup.

Federal courts have been quite sensi-tive in protecting the rights of indigent criminal defendants and in holding that there can be no discrimination on ac-count of poverty. In Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956) the Supreme Court stated that "there can be no equal jus-tice where the kind of trial a man gets depends on the amount of money he has." In *Griffin*, the court held that the due process and equal protection clauses of the Fourteenth Amendment required a state to furnish all indigent defend-ants a trial transcript where appellate review was conditioned upon first ob-taining such a transcript. Thereafter,

in Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963), the Court prohibited discrimination on account of poverty "where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot." *Douglas* held that a state must provide counsel to indigent defendants on at least the first appeal where such an appeal was granted as a matter of right.

■ Counsel for defendant would have this court extend the principles enunciated in *Griffin* and *Douglas* so as to prohibit and frustrate a widely used procedure in criminal law enforcement. While subject to criticism and abuse in times past, a lineup has long been considered as an effective method whereby a prosecutor can test the recollection of his potential witnesses and guard against convictions based upon misidentifications. A lineup also can be beneficial to a defendant. If a witness is unable to identify a defendant, or identifies another person, this information ultimately must be turned over to defendant's counsel and it can be brought out during the course of the trial. See, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ There can be and is no contention here that the proposed lineup would violate the defendant's privilege against self-incrimination. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Moreover, defendant's counsel has been notified in this case of the proposed lineup and has been given the opportunity to be present under *Wade*. The defendant has a right to have counsel present to insure that the lineup is fair, to avert any prejudice and to heighten the accuracy and reliability thereof.

It is, of course, desirable to have prompt and contemporaneous identifications. In fact, commentators have made several suggestions to make police lineups more accurate and reliable. See, e. g., Murray, The Criminal Lineup at Home and Abroad, 1966 Utah L.Rev. 610, 627–28, which proposes a model lineup statute and is cited in United States v. Wade, supra at 236–237, 87 S. Ct. 1926. Defendant argues that the lapse of time between his arrest in September 1968 and the time scheduled for the lineup in January 1969 is in some way prejudicial and violative of his rights. The court is unconvinced that there is any denial of due process in conducting a lineup a little more than a month after a defendant has had counsel appointed to represent him. The alleged offense was committed on or about July 6, 1967. The defendant was not arrested until September 1968. He appeared before a United States Commissioner in Rhode Island. On November 12, 1968 apparently after refusal to be removed to Minnesota voluntarily a warrant of removal from the District of Rhode Island to the District of Minnesota was executed. The defendant was thereafter returned to Minnesota by November 26, 1968. Counsel for the defendant was appointed by this court on December 9, 1968. There has not been, therefore, any unnecessary or unreasonable delay. Trial is scheduled for the March 1969 term.

■ Defendant argues that the placement of defendant in such a lineup results solely from the fact that he is still in custody because he is financially unable to post bail. He contends that a wealthier person able to post bail and secure his release from jail would not be subject to such a police lineup. This argument by defendant is novel and ingenious but without merit. No authority on this question has been cited by either counsel. 18 U.S.C. § 3146 (1968 Supp.) authorizes the court to release the defendant on bail prior to trial and to impose conditions on this release "[to] reasonably assure the appearance of the person as required." See also Rule 46(d) and Form 17 of the Federal Rules of Criminal Procedure. In this court a defendant who is admitted to bail or released on his personal recognizance exe-

cutes a document which reads in part as follows:

"The conditions of this bond are that the defendant \* \* \* is to appear before \* \* \* the United States District Court for the \* \* \* District of \* \* \* at \* \* \* *and at such other places* as the defendant may be required to appear, *in accordance with any and all orders and directions relating* to the defendant's appearance in the above entitled matter as may be given or issued by the commissioner or by the United States District Court \* \* \*" [Emphasis added]

It is thus quite clear to this court, and would be even apart from a defendant's personal covenant as above, that one released on bail or personal recognizance can by court order, if a request from the United States Attorney is not honored, be required to return to jail or to the police department or elsewhere within reason and for a limited time to appear in a lineup. Had this defendant been on bail, the court has little doubt but that, on request, it would have ordered an appearance for the lineup. There is no showing that any prior lineup has been held. In this case the request is not harassing or unreasonable nor would it have been if defendant were on bail.

 A problem of poverty, or discrimination based thereon, arises "when at any stage of the proceedings lack of means in the accused substantially inhibits or prevents the proper assertion of a right or a claim of right." Report of the Attorney General's Committee on Poverty and the Administration of Criminal Justice (1963) as cited in Hall and Kamisar, Modern Criminal Procedure 264 (1966). Here the defendant has no right constitutional or otherwise to immunity from a police lineup. Furthermore, there is no discrimination on account of poverty as any defendant, rich or poor, is subject to a lineup either prior or subsequent to release from jail. If the defendant is in jail, the dictates of United States v. Wade, supra, require that defendant's counsel be notified and given opportunity to be present. If the defendant is out on bail or released on his personal recognizance, the United States Attorney may upon motion obtain an order from the court requiring the defendant to appear for such a lineup, again allowing defendant's counsel to be present.

A separate order denying defendant's motion has been entered.